STATE OF NORTH CAROLINA v. STEVE BUFORD HARVEY

No. 8517SC49

(Filed 3 December 1985)

1. **Criminal Law § 76.4— motion to suppress confession—inadequate legal basis— summary denial—discretion of court**

    The decision to deny summarily a motion to suppress inculpatory statements because the motion failed to set forth adequate legal grounds is vested in the sound discretion of the trial court. N.C.G.S. 15A-977(c).

2. **Criminal Law § 75.7— custodial interrogation—necessity for Miranda warnings**

    Defendant was subjected to custodial interrogation although officers never planned to arrest him that day and returned him to his home after he signed a confession, and defendant's oral confession made before the *Miranda* warnings were given to him was inadmissible, where the police initiated contact with defendant; defendant was taken to the police station and questioned behind closed doors about two break-ins at the home of defendant's uncle; defendant denied all involvement in the crimes for at least one hour of interrogation; defendant was never expressly told that he was not under arrest or that he was free to leave and could end the questioning at any time; and defendant was only 17 years old and had an IQ of only 78.

3. **Criminal Law § 75.11— absence of Miranda warnings—oral confession inadmissible—subsequent written confession also inadmissible**

    Where defendant's oral confession was inadmissible because defendant was subjected to custodial interrogation without being given the *Miranda* warnings, a written confession prepared by an officer and signed by defendant after he had been given the *Miranda* warnings was also inadmissible since the giving of *Miranda* warnings prior to asking defendant to sign the prepared statement did not cure the coercive atmosphere of the interrogation or mean that defendant knowingly and intelligently waived his rights.

4. **Criminal Law § 76.8— admissibility of confession—ruling against State based on witness credibility**

    Because the State bears the burden of proving that defendant was aware of his rights and knowingly, intelligently and voluntarily waived them in order for defendant's confession to be admissible, the trial court could properly rule against the State based on a negative finding as to the credibility and demeanor of the State's only witness at the suppression hearing.

APPEAL by the State from *Morgan, Judge*. Order entered in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 18 September 1985.

Defendant was charged in two separate bills of indictment with two counts each of felonious breaking and entering, felonious

larceny and felonious possession of stolen goods. Prior to trial, defendant made a motion to suppress certain inculpatory statements made by him to the police prior to his arrest. Pursuant to G.S. 15A-977(d), the trial court held an evidentiary hearing on the motion.

Evidence presented at this hearing showed that on 13 June 1984, two detectives from the Rockingham County Sheriff's Department went to defendant's home at 9:00 a.m. and asked defendant's mother if she minded if her son, then 17 years old and of limited mental capacity, "rode around with them." The detectives then drove defendant directly to the police department in the town of Stoneville, where they escorted him into the office of the Chief of Police. There, behind closed doors, the officers subjected defendant to about an hour of questioning concerning two break-ins of the home of defendant's uncle. At first, defendant denied any involvement in the crimes. The officers repeatedly went over their "investigative report" despite continued denials by defendant. At no time during this interview was defendant advised of his rights to remain silent or to the presence of an attorney. Finally, at approximately 10:50 a.m., defendant responded to the assertion by one of the officers that they knew defendant had spent $50 on beer, wine and marijuana by hanging his head and saying, "I did it." Thereupon, defendant was, for the first time, given the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). He was then asked to sign a written statement which had been prepared by one of the officers based on their "investigative report."

Defendant's motion to suppress asked that the oral and written statements be excluded from evidence as they were not given voluntarily after a knowing and intelligent waiver of defendant's rights. The trial court granted the motion, primarily on the ground that the statements had been obtained in violation of the requirements of *Miranda*. The State appeals pursuant to G.S. 15A-1445(b).

*Attorney General Thornburg by Assistant Attorney General Robert R. Reilly for the State.*

*Joe L. Webster for defendant appellee.*

PARKER, Judge.

The threshold question presented by this appeal is whether the trial judge properly considered grounds for the suppression motion which were not contained in the motion itself.

General Statute 15A-977(a) dictates that all motions to suppress evidence must contain the grounds which defendant asserts as the basis of the motion. The motion presented by defendant in this case focused on the involuntary nature of defendant's statements. The trial judge, on the other hand, based his decision granting the motion on the failure of the police to give the warnings required by *Miranda* for custodial interrogations.

[1] General Statute 15A-977(c) states "The judge *may* summarily deny the motion to suppress evidence if: (1) the motion does not allege a legal basis for the motion . . ." (Emphasis added.) Thus, the decision to deny summarily a motion which fails to set forth adequate legal grounds is vested in the sound discretion of the trial court. *See State v. Smith*, 50 N.C. App. 188, 272 S.E. 2d 621 (1980). The alternative is to hold a hearing on the motion, despite the facial insufficiency of the motion itself. Once the discretionary decision is made not to deny the motion summarily, a hearing must be held, G.S. 15A-977(d), and "the burden is on the state to demonstrate the admissibility of the challenged evidence; and in the case of a confession, the state must affirmatively show (1) the confession was voluntarily made, (2) the defendant was fully informed of his rights and (3) the defendant voluntarily waived his rights." *State v. Cheek*, 307 N.C. 552, 557, 299 S.E. 2d 633, 636 (1983). The judge's decision in this case was merely one that the State did not meet its burden of persuasion on the second point above—that the defendant was fully informed of his rights.

[2] A person must be fully informed of his rights whenever he is "in custody" of the police and before any interrogation of that person begins. *Miranda, supra.* The State contends that defendant here was not "in custody" within the meaning of *Miranda* when he was questioned by the officers, relying on *California v. Beheler*, 463 U.S. 1121, 103 S.Ct. 3517, 77 L.Ed. 2d 1275 (1983) and *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed. 2d 1 (1976). Those cases, however, present key factual differences from the case at hand. In *Beckwith*, the defendant was an educated, experienced businessman who was interviewed in a

"relaxed" atmosphere in his home by two IRS agents who had informed him of his rights not to answer questions and to the presence of an attorney. *Beckwith* at 343, 96 S.Ct. at 1614-15, 48 L.Ed. 2d at 5. Here, the defendant is a 17-year-old boy with a tested IQ of 78 who was questioned by two officers far from home in a closed office, isolated in a police station. He was not advised of any of his constitutional rights until after he had made incriminating statements. In *Beheler*, the defendant was a participant in a robbery which resulted in the murder of the victim. Defendant Beheler, not wanting to be an accessory to murder, immediately phoned the police to report the crime and cooperated with the police fully throughout their investigation. *Beheler* at 1125, 103 S.Ct. at 3520, 77 L.Ed. 2d at 1280. In this case the police, not the defendant, initiated contact and defendant denied all involvement in the crimes for at least one hour of interrogation.

Custodial interrogation, requiring the *Miranda* warnings, is "questioning initiated by law enforcement officers after the person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda* at 444, 86 S.Ct. at 1612, 16 L.Ed. 2d at 706. The State contends that defendant was not in custody because the officers never planned to arrest him that day and, in fact, returned him home after he signed the confession prepared by the officers. However, "[a] policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation." *Berkemer v. McCarty,* --- U.S. ---, ---, 104 S.Ct. 3138, 3152, 82 L.Ed. 2d 317, 336 (1984). Defendant here was taken far from his home, placed in a closed office with two officers, subjected to lengthy questioning and was never expressly told that he was not under arrest or that he was free to leave and could end the questioning at anytime. These factors, added to the defendant's age and mental capacity, demonstrate the coercive nature of the interrogation and indicate that the *Miranda* warnings should have been given prior to any interrogation of defendant.

[3]   Because the warnings were required prior to any questioning of defendant at the station, the incriminating oral statements made by defendant are inadmissible. By the same reasoning, the

written statement was also properly excluded. The giving of the *Miranda* warnings prior to asking defendant to sign the prepared statement did not "cure" the coercive atmosphere, nor does it mean that by signing the statement defendant knowingly and intelligently waived his rights. *See, e.g., Miranda* at 479, 86 S.Ct. at 1630, 16 L.Ed. 2d at 726; *Davis v. North Carolina,* 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed. 2d 895 (1966).

[4] The State's final assignment of error is that the findings of fact found by the trial judge are not supported by competent evidence. Specifically, the State asserts that the judge erred in basing his decision on an evaluation of the demeanor and credibility of one of the interrogating detectives, who was the only witness to testify at the suppression hearing. This contention is totally without merit. The principle is well-settled that evaluating the credibility and demeanor of a witness is a matter peculiarly reserved to the trier of fact. *E.g., Brinkley v. Nationwide Mutual Insurance Co.,* 271 N.C. 301, 156 S.E. 2d 225 (1967). Because the State bears the burden of proving defendant was aware of his rights and knowingly, intelligently and voluntarily waived them, *Cheek, supra,* the trial court could properly rule against the State based on a negative finding as to the credibility and demeanor of the State's only witness.

We find no error in the decision of the trial judge to grant defendant's motion to suppress his oral and written statements given to the police on 13 June 1984, and the decision is hereby

Affirmed.

Judges JOHNSON and EAGLES concur.