STATE OF NORTH CAROLINA v. RAYMOND CANNON MARSHALL

No. 8822SC231

(Filed 30 December 1988)

1. **Rape and Allied Offenses § 3— victim's last name added to indictment—no improper amendment**

     Where defendant was indicted for four different criminal violations, three of which alleged the victim's complete name, the addition of the alleged rape victim's last name to one of the four indictments was not an amendment, as it did not substantially alter the charge set forth in the indictment, and there

State v. Marshall

was therefore no merit to defendant's contention that the trial court erred in allowing the State to amend the rape indictment.

2. **Criminal Law § 162— evidence of defendant's prior rape conviction—failure to object**

Defendant in a rape case waived his right to assert any error on appeal where he failed to object or move to strike a witness's unresponsive testimony that defendant had been in jail for rape before; moreover, there was no merit to defendant's contention that a motion to strike or an objection to the answer and a subsequent request of the trial judge to instruct the jury to disregard the answer of the witness "would have only harmed the defendant's chance at a fair trial . . . by inflaming [the jurors'] minds to a greater degree," since it is assumed that the jury heeds an instruction not to consider a witness's answer.

3. **Criminal Law § 169.3— blood and saliva samples from victim—failure to object**

Where blood and saliva samples from a rape victim were introduced into evidence without objection, defendant lost the benefit of his earlier objection.

4. **Rape and Allied Offenses § 4— doctor's opinion that rape could have taken place at knife-point—inadmissible evidence not prejudicial**

Though the trial court in a rape case erred in allowing a doctor to testify that an abrasion over the victim's urethra could happen during intercourse which was performed at knife-point or under duress, as the expert was not any better qualified than the jury to have an opinion on the subject of whether intercourse was performed in such a manner, defendant was not prejudiced by the error, since the State presented a considerable amount of other evidence regarding the alleged rape being performed at knife-point.

5. **Criminal Law § 101.2— statement overheard by juror during voir dire—similar evidence subsequently introduced at trial—defendant not prejudiced**

The trial court did not err in denying defendant's motion for mistrial made on the ground that the jury was tainted by testimony overheard by a juror during a voir dire hearing, since the judge determined that the fairness and impartiality of the jury had not been compromised when only one juror heard a question asked as to whether defendant had been arrested, and there was evidence presented without objection during the course of the trial that defendant had been placed under arrest. N.C.G.S. § 15A-1061.

6. **Criminal Law § 76— defendant's statements—motion to suppress—timeliness**

Defendant met his burden of establishing the timeliness of his motion to suppress his oral and written incriminating statements where defendant showed that he had not been notified of the State's intention to use the statements at trial within twenty working days of trial. N.C.G.S. § 15A-975.

7. **Criminal Law § 76— admissibility of defendant's statements—no waiver by defendant of right to contest for failure to follow procedural requirements**

Though the trial judge had the authority pursuant to N.C.G.S. § 15A-977(c)(1) to summarily deny defendant's motion to suppress defendant's statements because defendant did not give a legal basis for his motion to suppress, the trial judge instead exercised his discretion not to summarily deny

the motion and immediately proceeded to conduct a voir dire relating to the admissibility of defendant's statements and subsequently entered written findings and conclusions; therefore defendant did not waive his right to contest the admissibility of statements made by him for failure to comply with the procedural requirements of N.C.G.S. § 15A-977.

8. **Criminal Law § 76.5— confession—failure to make finding as to inducement to make confession—finding not required**

Though the trial court, in determining the voluntariness of defendant's confession, failed to resolve a conflict in the evidence as to whether the detective attempted to entice the defendant into giving a statement on the condition that a bond would be set if the statement was given, this conflict was not material, since the issue of whether a bond reduction was or was not promised was a collateral inducement having no relation to the offense, and the trial judge was not required to make findings of fact on the issue; likewise, the failure of the trial court to include in its written order a conclusion that the confession was voluntary was not fatal, since the trial judge orally ruled in court at the conclusion of the voir dire that the statements were admissible and that they "were freely and voluntarily made."

9. **Rape and Allied Offenses § 5; Larceny § 7— first degree rape—first degree sexual offense—financial transaction card theft—larceny—sufficiency of evidence**

In a prosecution of defendant for first degree rape, first degree sexual offense, financial transaction card theft, and felonious larceny where defendant argued that there was not substantial evidence as to each essential element of the offenses charged to warrant the cases being submitted to the jury, but defendant made no attempt to argue in what respect the evidence was insubstantial, his assignment of error was deemed abandoned; however, the evidence presented was sufficient to withstand the motion to dismiss and to warrant sending the case to the jury on all charges where the victim testified that defendant, armed with a knife, overcame her will and forced her into acts of vaginal and anal intercourse and fellatio upon his person; the victim positively identified defendant as her assailant; defendant's confession to the crimes was properly admitted against him; the victim further testified that defendant took her bank card and made her tell him the code number for it; and defendant orally admitted using the bank card to obtain funds and told a detective the amounts withdrawn and the times of the withdrawals. Appellate Rule 28(b)(5).

APPEAL by defendant from *Walker (Russell G.), Judge.* Judgments entered 5 November 1987 in Superior Court, DAVIE County. Heard in the Court of Appeals 8 September 1988.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan, for the State.*

*Hall & Vogler, by E. Edward Vogler, Jr., for defendant-appellant.*

GREENE, Judge.

In this criminal action defendant was indicted for the offenses of first-degree rape, N.C.G.S. Sec. 14-27.2 (1986), first-degree sexual offense, N.C.G.S. Sec. 14-27.4 (1986), financial transaction card theft, N.C.G.S. Sec. 14-113.9(a)(1) (1986) and felonious larceny, N.C.G.S. Sec. 14-72(b)(1) (1986).

The defendant pled not guilty and was found guilty by a jury on all charges. The defendant was sentenced to two life sentences plus an additional ten-year sentence, each sentence to run at the expiration of the other. The defendant appeals.

---

The issues to be determined are whether the trial court erred in I) allowing the State to amend the rape indictments; II) allowing a witness to testify the defendant had previously been in prison for rape; III) allowing evidence of a saliva sample and blood sample from the victim; IV) allowing an expert to give his opinion as to how the abrasions suffered by the victim could have been caused; V) failing to declare a mistrial; VI) admitting into evidence the defendant's written and oral statements; VII) denying the defendant's motion to dismiss all charges; and VIII) denying the defendant's motion for appropriate relief.

I

[1] The defendant first argues the trial court erred in allowing the State to amend the rape indictment by substituting the name of "Regina Lapish Foster" for the name of "Regina Lapish."

N.C.G.S. Sec. 15A-923(e) (1988) provides that "[a] bill of indictment may not be amended." An amendment has been defined "to be any change in the indictment which would substantially alter the charge set forth in the indictment." *State v. Price*, 310 N.C. 596, 598, 313 S.E. 2d 556, 558 (1984). Here the defendant was indicted for four different criminal violations. Three of these indictments allege the offense was committed against the person of "Regina Lapish Foster." The indictment for rape used the name "Regina Lapish." It is clear that the rape indictment inadvertently omitted the last name of Regina Lapish Foster. At no time was defendant misled or surprised as to the nature of the charges against him. Accordingly, the addition of the alleged victim's last name to one of the four indictments was not an amendment as it

did not "substantially alter the charge set forth in the indict-ment." *Id.*

## II

[2]   The defendant next contends that the unresponsive answer of a witness was error and highly prejudicial. The unresponsive answer was:

> . . . one day when I was at Gail's house, Stella was there. They were only there a few minutes after I got there, and there was a big, black boy with her that was her son. When they left—and this is hearsay or whatever—Gail told me that that was her son and that he had been in prison for rape before.

This testimony was given in response to a question to the witness as to whether she had ever "seen him at Gail Philbeck's house before." The reference in the answer to "he had been in prison for rape before" was clearly in reference to the defendant.

However, the defendant did not object or move to strike the answer. Assuming the answer of the witness to be inadmissible and prejudicial, the defendant's "[f]ailure to make an appropriate and timely motion or objection constitutes a waiver of the right to assert the alleged error upon appeal." N.C.G.S. Sec. 15A-1446(b) (1988); N.C.G.S. Sec. 8C-1, Rule 103(a)(1) (1988) (where evidence admitted, error cannot be asserted upon appeal unless there is timely objection or motion to strike); *State v. McDougall,* 308 N.C. 1, 9, 301 S.E. 2d 308, 314, *cert. denied,* 464 U.S. 865, 104 S.Ct. 197, 78 L.Ed. 2d 173 (1983); *see* 1 Brandis on North Carolina Evidence Sec. 27, p. 133 (3d ed. 1988) (where only the answer is objectionable, an objection should be treated as a motion to strike). Here the defendant neither objected or moved to strike the answer and therefore has waived his right to assert any error on appeal.

The defendant nonetheless argues that a motion to strike or an objection to the answer and a subsequent request of the trial judge to instruct the jury to disregard the answer of the witness "would have only harmed the defendant's chance at a fair trial . . . by inflaming [the jurors'] minds to a greater degree." Our courts have long rejected this argument and recognize that if the jury is properly instructed not to consider the answer of the wit-

ness, it is to be assumed the "jury heeded the caution." *Apel v. Coach Co.*, 267 N.C. 25, 31, 147 S.E. 2d 566, 570 (1966); *State v. Franks*, 300 N.C. 1, 13, 265 S.E. 2d 177, 184 (1980) (no prejudicial error where jury actually heard inadmissible answer, provided the jurors were properly instructed to disregard the answer).

## III

[3] The defendant contends the trial court erred in allowing into evidence saliva and blood samples from the victim Regina Foster. The defendant contends the State failed to establish a chain of custody showing that the blood and saliva were in fact obtained from Regina Foster. However, as these items were later introduced into evidence without objection, the defendant loses the benefit of his earlier objection. *State v. Corbett*, 307 N.C. 169, 179, 297 S.E. 2d 553, 560 (1982).

## IV

[4] Defendant next argues that the testimony of Dr. Randall Storm was "highly speculative and prejudicial to the defendant." Dr. Storm was asked to tell the members of the jury about the "abrasion over the urethra" of the victim Regina Foster. The doctor answered as follows:

> It was a sore area, a reddened area, one which is conceivably from vigorour [sic] intercourse, though not necessarily traumatic intercourse. It would be conceivable that it would happen in intercourse that was performed at knifepoint or under duress.

The defendant timely objected to the answer of the doctor, which objection was overruled by the trial court.

Expert testimony is admissible if it will " 'assist the jury to draw inferences from the facts because the expert is better qualified' than the jury to form an opinion on the particular subject." *State v. Fletcher*, 92 N.C. App. 50, 56, 373 S.E. 2d 681, --- (1988) (quoting *State v. Bullard*, 312 N.C. 129, 139, 322 S.E. 2d 370, 376 (1984) ); *see* N.C.G.S. Sec. 8C-1, Rule 702 (1986) (expert testimony admissible if it will "assist the trier of fact to understand the evidence or to determine a fact in issue"). Furthermore, experts are permitted to give their opinion even though it embraces an ultimate issue to be decided by the trier of fact. N.C.G.S. Sec. 8C-1,

Rule 704 (1986). Experts, however, are precluded from stating that a legal standard has been met. *State v. Ledford,* 315 N.C. 599, 617, 340 S.E. 2d 309, 320-21 (1986) (expert precluded from testifying that injuries were proximate cause of death).

Here the expert was not any better qualified than the jury to have an opinion on the subject whether intercourse "was performed at knife-point or under duress." *Cf. State v. Galloway,* 304 N.C. 485, 489, 284 S.E. 2d 509, 512 (1981) (expert allowed to testify that an "examination revealed evidence of traumatic and forceable penetration *consistent with* an alleged rape"); *State v. Allen,* 50 N.C. App. 173, 175-76, 272 S.E. 2d 785, 787 (1980), *appeal dismissed,* 302 N.C. 399, 279 S.E. 2d 353 (1981) (doctor allowed to express an opinion that "woman could be raped without there being evidence of trauma about the vulva or vaginal areas" as the doctor had "a more than adequate understanding of the medical results of incidents such as rape"). Although the expert was qualified to testify about the physical characteristics of the urethra and surrounding areas, he was "not competent to testify as to a causal relation which rests upon mere speculation." 6 Strong's N.C. Index 3d, *Evidence* Sec. 50.2, p. 146 (1977); *see Lockwood v. McCaskill,* 262 N.C. 663, 669, 138 S.E. 2d 541, 546 (1964) (admission of expert testimony which supports a particular causal relationship will be held erroneous where it is merely speculative). " 'The admission of incompetent testimony will not be held prejudicial when its import is abundantly established by other competent testimony, or the testimony is merely cumulative or corroborative.' " *In re Peirce,* 53 N.C. App. 373, 387, 281 S.E. 2d 198, 207 (1981) (quoting *Board of Education v. Lamm,* 276 N.C. 487, 493, 173 S.E. 2d 281, 285 (1970) ). Here, as the State presented a considerable amount of other evidence regarding the alleged rape being performed at knife-point, we conclude the admission of this testimony was not prejudicial.

## V

[5] The defendant argues the trial court erred in failing to declare a mistrial on the grounds the jury was tainted by testimony overheard by a juror during a voir dire hearing. The trial court, after determining that the door to the jury room had been open during a portion of the voir dire, questioned each juror individually. The record reflects that only one juror heard anything

said at the voir dire hearing and that juror only heard "someone asked, I guess the witness, if the Defendant would have been arrested at that time." As there was evidence presented to the jury during the course of the trial, and without objection, that defendant had been placed under arrest, there was no "substantial and irreparable prejudice to the defendant's case." N.C.G.S. Sec. 15A-1061 (1988) (judge may declare a mistrial if there is error, legal defect or conduct "resulting in substantial and irreparable prejudice to the defendant's case"). We agree therefore with the trial judge who in denying the defendant's motion for a mistrial determined that the fairness and impartiality of the jury had not been compromised when only one juror heard a question asked as to whether the defendant had been arrested. The decision of whether to grant a motion for mistrial rests within the sound discretion of the trial judge and here we find no abuse of that discretion. *State v. Boyd*, 321 N.C. 574, 579, 364 S.E. 2d 118, 120 (1988).

## VI

Defendant next contends the trial court erred in admitting into evidence the defendant's written and oral statements given on 17 May 1987 and 18 May 1987 in which he made various admissions relating to the charges against him. The State argues the defendant has waived any right to contest the admissibility of defendant's statements, as the defendant has failed in his burden of showing that he complied with the timeliness requirements of N.C.G.S. Sec. 15A-975 (1988) (setting forth the situations in which a motion to suppress evidence may be made for first time during trial) and the procedural requirements of N.C.G.S. Sec. 15A-977 (1988) (setting forth procedure for filing of motion to suppress).

## A

[6] We first address whether defendant has met his burden of showing he complied with the timeliness requirements. The motion to suppress must be timely filed in accordance with N.C.G.S. Sec. 15A-975. Generally, a motion to suppress must be made before trial. N.C.G.S. Sec. 15A-975(a). A defendant may move to suppress evidence at trial only "if he demonstrates that he did not have a reasonable opportunity to make the motion before trial; or that the State did not give him sufficient advance notice (twenty working days) of its intention to use certain types of evidence; or

that additional facts have been discovered after a pretrial determination and denial of the motion which could not have been discovered with reasonable diligence before determination of the motion." *State v. Satterfield,* 300 N.C. 621, 625, 268 S.E. 2d 510, 514 (1980); N.C.G.S. Sec. 15A-975(b). The burden of establishing that the motion to suppress is timely filed is on the defendant. *Id.* at 624-25, 268 S.E. 2d at 513-14. Here the defendant's motion to suppress was first made at the trial and was in the form of a general objection to a question asked of a witness as to what if anything the defendant told the witness. Defendant met his burden of establishing the timeliness of his motion to suppress by showing that he had not been notified of the State's intention to use the statements of defendant at trial within twenty working days of trial. Accordingly, we conclude defendant complied with the timeliness requirements of N.C.G.S. Sec. 15A-975.

B

[7] A "motion to suppress made at trial, whether oral or written, should state the legal ground upon which it is made and should be accompanied by an affidavit containing facts supporting the motion." *Satterfield,* 300 N.C. at 625, 268 S.E. 2d at 514; *see also State v. Hunter,* 305 N.C. 106, 112, 286 S.E. 2d 535, 539 (1982) (defendant must "specifically state to the court before voir dire . . . the basis for his motion to suppress or for his objection to the admission of the evidence"). The trial judge here had the authority pursuant to N.C.G.S. Sec. 15A-977(c)(1) to summarily deny the motion to suppress because defendant did not give a legal basis for his motion to suppress. N.C.G.S. Sec. 15A-977(c)(1) (1988) (judge *may* summarily deny the motion to suppress evidence if motion does not contain legal basis for motion); *State v. Harvey,* 78 N.C. App. 235, 237, 336 S.E. 2d 857, 859 (1985) (where defendant fails to set forth adequate legal grounds, trial court is vested with discretion of whether to summarily deny the motion). However, the trial judge exercised his discretion not to summarily deny the motion and immediately proceeded to conduct a voir dire relating to the admissibility of the defendant's statements and subsequently entered written findings and conclusions. N.C.G.S. Sec. 15A-977(d)-(f). Thus, we conclude defendant has not waived his right to contest the admissibility of statements by him for failure to comply with the procedural requirements of N.C.G.S. Sec. 15A-977.

## C

Once it is determined the defendant's motion is not barred by N.C.G.S. Sec. 15A-975 or it is not summarily denied pursuant to N.C.G.S. Sec. 15A-977(c)(1), a voir dire hearing must be held pursuant to N.C.G.S. Sec. 15A-977(d). As stated above, the trial judge here conducted a voir dire hearing. The State has the burden at the voir dire hearing of showing by a preponderance of the evidence "the admissibility of the challenged evidence; and, in the case of a confession, the State must affirmatively show (1) the confession was voluntarily made, (2) the defendant was fully informed of his rights and (3) the defendant voluntarily waived his rights. *State v. Cheek*, 307 N.C. 552, 557, 299 S.E. 2d 633, 636 (1983); *State v. James*, 321 N.C. 676, 685, 365 S.E. 2d 579, 585 (1988) (the State must meet its burden by a preponderance of the evidence).

At the voir dire hearing conducted in this case, the State's evidence tended to show the defendant gave three statements to the detective, two oral and one written. On 17 May 1987, the defendant first gave an oral statement and ten minutes later executed a written statement. The 17 May statements related to the alleged rape and sexual assaults. On 18 May 1987, the defendant gave an oral statement. The 18 May statement related to the alleged credit card theft and larceny. The defendant was advised on all three occasions either orally or in writing of his constitutional rights as mandated by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). The defendant executed a written waiver of his constitutional rights preceding the oral statement of 17 May. The detective at no time made any promises or threats to entice the defendant to give any statements.

The defendant's evidence at the voir dire hearing tended to show: He executed only one statement and that was written on 17 May 1987, and he made this statement only after he was told by the detective that bond would not be set until "we write down what we talked about." After the conversation about the bond, the defendant wrote down what the officer "told me we had talked about." Defendant admitted to signing a paper writing which he did not read. Defendant testified he did not realize the statements could be used against him in court but admitted he was advised of his right to remain silent and knew he had a right to have a lawyer present during the questioning.

After hearing the evidence on voir dire, the trial court determined that all three statements had been made by the defendant and allowed the statements into evidence. In support of the court's order, the trial court entered the following written findings of fact and conclusions of law:

1. That defendant gave statements to Detective Williams on May 17 and 18, 1987;

2. That defendant gave two oral statements and one written statement in which he made various admissions regarding his participation in the activities which led to the charges against him;

3. That at the time defendant gave the first oral statement and the written statement, he had not been formally arrested, had voluntarily accompanied Detective Williams to the Davie County Sheriff's Department and was free to leave at anytime;

4. That prior to talking with defendant in the Sheriff's Department offices, Detective Williams fully advised defendant of his rights to silence and to legal counsel;

5. That defendant admits to being able to read and write the English language;

6. That defendant admits that he understood the rights about which Detective Williams advised him;

7. That defendant, both orally and in writing, waived his constitutional right to silence and agreed to talk with and to give a written statement to Detective Williams on May 17, 1987, without a lawyer being present;

8. That defendant never asked for a lawyer to be appointed and never sought to end the questioning; and

9. That on May 18, 1987, defendant was again advised of these rights prior to further questioning and refused to sign the waiver form or to give a written statement, but did agree to orally answer Detective Williams' questions about the bank card involved in the incident which Detective Williams was investigating.

State v. Marshall

BASED UPON THE FOREGOING FINDINGS THE UNDERSIGNED CONCLUDES AS A MATTER OF LAW that the two oral statements and one written statement given to Detective Williams were given after defendant had been fully and properly advised of his constitutional rights to silence and to legal counsel and after the defendant had knowingly, willingly, freely and voluntarily waived those rights.

[8] The defendant now assigns as error the trial court's admission of the defendant's written and oral statements on the grounds that the defendant did not voluntarily give these statements. We limit our review of the admissibility of the confession to the issue of whether it was voluntarily given as defendant does not raise any other issue concerning the confession in his assignments of error. App. R. 10(a) (no exception which is not made the basis of an assignment of error may be considered on appeal).

On appeal from a denial of a motion to suppress, the question presented is whether the conclusion of the trial court is supported by findings and whether the findings are supported by competent evidence in the record. *State v. Simpson*, 314 N.C. 359, 368, 334 S.E. 2d 53, 59 (1985). The findings and conclusions entered by the trial court in this case are devoid of any reference to the issue of voluntariness.

The failure of a trial court to find facts is not always fatal. The trial court is not required in every instance to make findings of fact to support its conclusions and must do so only if "there is a *material* conflict in the evidence on voir dire." *State v. Riddick*, 291 N.C. 399, 408, 230 S.E. 2d 506, 512 (1976) (emphasis in original). "If there is conflict in the evidence which is *immaterial* and has no effect on the admissibility of the confession, it is not error to admit the confession without findings." *Id.* at 409, 230 S.E. 2d at 512 (emphasis in original). In reviewing the evidence presented at the voir dire hearing, there was a conflict in the evidence as to whether the detective attempted to entice the defendant into giving a statement on the condition that a bond would be set if the statement was given. This was the only evidence presented at voir dire relating to the issue of the voluntariness of the statements. The trial court did not resolve this conflict in the evidence, as it made no findings of fact on the

issue. We therefore must determine whether the conflict is material as that term is defined in *Riddick.*

A "confession cannot be received into evidence where the defendant has been influenced by any threat or promise; . . . a confession obtained by the slightest emotions of hope or fear ought to be rejected." *State v. Booker,* 306 N.C. 302, 307, 293 S.E. 2d 78, 81 (1982) (quoting *State v. Roberts,* 12 N.C. (1 Dev.) 259, 260 (1826)). However, the "inducement to confess whether it be a promise, a threat, or mere advice must relate to the prisoner's *escape* from the criminal charge against him." *Id.* at 308, 293 S.E. 2d at 82 (emphasis in original). Here the issue of whether a bond reduction was or was not promised is a "collateral inducement, having no relation to the offense," *id.* at 309, 293 S.E. 2d at 82 (quoting *State v. Hardee,* 83 N.C. 619, 623-24 (1880)), and therefore the alleged promise to set a bond if defendant confessed did not "relate to the prisoner's *escape* from the criminal charge against him." *Id.* at 308, 293 S.E. 2d at 82 (emphasis in original). Instead, the alleged promise was "entirely disconnected from the possible punishment or treatment defendant might receive," and did not affect the admissibility of the defendant's statements. *Id.* at 309, 293 S.E. 2d at 82; *see also State v. Church,* 68 N.C. App. 430, 434, 315 S.E. 2d 331, 333 (1984) (defendant's statement not rendered involuntary because it may have been made with the hope that lower bond would be set). Accordingly, we determine the issue of the bond about which there was a conflict in the evidence at the voir dire hearing, is immaterial and the trial judge was not required to make findings of fact on the issue.

Likewise, the failure of the trial court to include in its written order a conclusion that the confession was voluntary is not fatal. Although the trial judge concluded in his written order that defendant was advised of his rights and voluntarily waived them, that conclusion alone is insufficient to determine the admissibility of a confession. The confession must also be found to have been voluntarily made. *Cheek,* 307 N.C. at 557, 299 S.E. 2d at 636 (confession must be voluntarily made, after defendant has been informed of his rights, and has voluntarily waived his rights). However, this court has held that the absence of a formal ruling is not prejudicial where the court's decision is clear from the record. *State v. Hicks,* 79 N.C. App. 599, 601, 339 S.E. 2d 806, 808 (1986) (admission of victim's in-court identification of defendant is

not reversible error because court failed to make formal ruling denying motion to suppress where decision was clear from record); *see also State v. Frank*, 284 N.C. 137, 144-45, 200 S.E. 2d 169, 174-75 (1973) (admission of defendant's confession at trial indicates the judge concluded it was voluntarily made and failure to formally rule was not fatal). Here the trial judge orally ruled in court at the conclusion of the voir dire that the statements were admissible at trial and that they "were freely and voluntarily made." Therefore, it is not prejudicial error that such a conclusion was inadvertently omitted from the subsequent formal written order.

Accordingly, defendant's assignment of error based upon the denial of his motion to suppress is overruled.

## VII

[9] The defendant next contends the trial court erred in denying his motion to dismiss the charges at the end of the State's evidence and at the end of all the evidence. The only argument in defendant's brief in support of this assignment of error is that "there was not 'substantial evidence' as to each essential element of the offenses charged to warrant the cases being . . . submitted to the jury." As the defendant makes no attempt to argue in what respect the evidence is insubstantial, we consider this assignment of error abandoned. App. R. 28(b)(5) (brief must contain arguments in support of assignment of error). Here, appellant's non-specific and general argument amounts to no more than a request for this court to wade through the record to determine if the assignment of error has merit. *In re Appeal from Environmental Management Comm'n*, 80 N.C. App. 1, 18, 341 S.E. 2d 588, 598, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 139 (1986). We have nonetheless, pursuant to Rule 2 of the Rules of Appellate Procedure, in order to prevent manifest injustice, reviewed the transcript of evidence and find substantial evidence of each essential element of the offenses charged. *State v. Hutchins*, 303 N.C. 321, 344, 279 S.E. 2d 788, 803 (1981) (in considering motion to dismiss, the question is whether there is substantial evidence of each essential element of the offense).

The State called the victim to the stand who testified that the defendant, armed with a knife, overcame her will and forced her into acts of vaginal and anal intercourse, and fellatio upon his person. The victim positively identified the defendant as her as-

sailant. Her testimony alone presents substantial evidence of the essential elements of first-degree rape and first-degree sexual offense. In addition, as discussed above, defendant's confession to the crimes charged were properly admitted against him. The victim further testified that the defendant took her bank card and made her tell him the code number for it. A detective also testified for the State that the defendant orally admitted using the bank card to obtain funds and told the detective the amounts withdrawn and the times of the withdrawals. This testimony constitutes substantial evidence of the essential elements of financial card theft and felonious larceny. When considered in the light most favorable to the State, the evidence presented was sufficient to withstand the motion to dismiss and to warrant sending the case to the jury on all the charges.

## VIII

The defendant finally argues the trial court erred in denying his motion for appropriate relief, made pursuant to N.C.G.S. Sec. 15A-1414 (1988), which was made after the entry of the verdict.

The defendant asserts in his brief as grounds for the motion the following: "(a) the court's rulings were contrary to law with regard to the motions made during the trial with regard to the admission and exclusion of the evidence, (b) that the evidence at the close of all the evidence, the evidence was insufficient to. justify submission of the case to the jury, and (c) that the verdict was contrary to the weight of the evidence." In support of this assignment of error, defendant argues in his brief that for "the reasons previously stated in the appellant's brief, . . . the court's denial of the defendnat's [sic] motion for appropriate relief was improper."

As we have in this opinion rejected the arguments of the defendant in support of his previous assignments of error, we now further determine the trial judge did not abuse his discretion in denying defendant's motion for appropriate relief. *State v. Arnette*, 85 N.C. App. 492, 498, 355 S.E. 2d 498, 502 (1987) (a motion for appropriate relief is within the discretion of the trial court and will not be disturbed absent a showing of abuse of discretion).

No error.

Judges ORR and SMITH concur.