STATE v. O'CONNOR

[222 N.C. App. 235 (2012)]

STATE OF NORTH CAROLINA v. ALEJANDRO O'CONNOR

No. COA12-167

(Filed 7 August 2012)

**1. Search and Seizure—motion to suppress—failure to attach supporting affidavit—trial court discretion to refrain from summarily denying motion**

The trial court did not err in a driving while impaired, speeding, and driving without an operator's license case by failing to summarily dismiss defendant's suppression motion based upon his failure to attach a supporting affidavit as required by N.C.G.S. § 15A-977(a). Although the trial court has the authority to summarily deny or dismiss a suppression motion that fails to comply with the required procedural formalities, the trial court has the discretion to refrain from summarily denying such a motion that lacks an adequate supporting affidavit if it chooses to do so.

**2. Motor Vehicles—driving while impaired—speeding—driving without operator's license—suppression hearing—insufficient findings of fact**

The trial court erred in a driving while impaired, speeding, and driving without an operator's license case by failing to make findings of fact resolving material conflicts in the evidence presented at the suppression hearing as required by N.C.G.S. § 15A-977. The case was remanded to the trial court for the entry of an order that contained appropriate findings and conclusions.

Appeal by the State from order entered 18 August 2011 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 22 May 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Kathryne E. Hathcock, for the State.*

*Mary McCullers Reece for Defendant-appellee.*

ERVIN, Judge.

The State of North Carolina appeals from an order granting a motion filed by Defendant Alejandro Antonio O'Connor seeking to have suppressed certain evidence seized at the time that his vehicle was stopped. On appeal, the State argues that the trial court erred by

failing to summarily dismiss Defendant's motion based upon his failure to attach a supporting affidavit as required by N.C. Gen. Stat. § 15A-977(a); by failing to make appropriate findings of fact; and by failing to determine that the investigating officer had ample justification for stopping Defendant's vehicle. After careful consideration of the State's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be reversed and that this case should be remanded to the Durham County Superior Court for further proceedings not inconsistent with this opinion, including the entry of an order ruling on the issues raised by Defendant's suppression motion that contains appropriate findings of fact and conclusions of law.

## I. Background

### A. Substantive Facts

On 12 November 2010, Officer Kyle Staton of the Durham Police Department was on patrol in the vicinity of the McDougald Terrace housing project. At approximately 3:30 a.m., Officer Staton noticed Defendant driving towards him. In light of the fact that the location in question was a high crime area and his own "curiosity," Officer Staton decided to check Defendant's license plate number using a law enforcement computer database.

According to the information that Officer Staton received in response to his query, the registered owner of the vehicle had a Cary address. In Officer Staton's "experience[,] a lot of people from out of town, especially Chapel Hill, Raleigh, Cary, [and] Morrisville . . . come to those areas to possibly buy drugs." Since Defendant's presence in the neighborhood "kind of raised [his] curiosity," Officer Staton turned around and began to follow Defendant.

Although Officer Staton did not use radar equipment, he estimated that Defendant was driving 35 mph in a 25 mph zone. In addition, Officer Staton noticed that Defendant was "slight[ly] weaving inside of the travel lane" and was slowing and then speeding up, which "raised [his] suspicion even more." Although there were no other vehicles in the area, Officer Staton "initiated a traffic stop" of Defendant's vehicle "based on the speed of the vehicle."

According to Officer Staton, Defendant "was pretty good at pulling over immediately." At that point, Officer Staton approached Defendant's car, where he "question[ed] what [Defendant] was doing in the area" and received a negative answer when he asked if

Defendant was "in the area buying drugs just to see what his reaction was." Although Defendant did not have a drivers' license on his person, he provided Officer Staton with a passport I.D. card.

After Officer Staton noticed the smell of alcohol, he asked if Defendant had been drinking. Although Defendant initially denied having consumed any alcoholic beverages, he eventually admitted that he had had at least one drink. When Officer Staton gave Defendant the opportunity to take a roadside breath test, Defendant declined. However, Defendant successfully performed the "one-leg stand and the walk and turn" sobriety tests.

On cross-examination, Officer Staton conceded that he developed his estimate of Defendant's speed after following him for only fifteen or twenty seconds and acknowledged that Defendant's weaving within his own lane was "slight." On redirect examination, Officer Staton denied having made eye contact with Defendant before turning around and following him.

Defendant testified that he lived in Cary on 12 November 2010 and that he had visited his brother, who lived in Durham, on that date. At the time that he left his brother's residence, Defendant's "brother said to go down Main Street"; "that . . . there would be a [gas] station"; "that not too far from there would be the Durham Highway"; and that, "once [he] got there, [he] was familiar with" the area. However, Defendant missed a turn and became lost in an unfamiliar neighborhood. At each corner, Defendant slowed down in an attempt to "get [his] bearings and try to find a sign so [he] could sort out where [he] was[.]"

As he was driving through the area in which the housing project was located, Defendant saw Officer Staton, who made eye contact with him. About fifteen seconds after they exchanged glances, Officer Staton turned around and began following him. Defendant "knew there was a police officer behind [him]" and "was probably going maybe 20 [mph]." Officer Staton stopped Defendant's car, approached his vehicle, and asked Defendant at least three times, "what are you doing in this area?"

## B. Procedural History

On 12 November 2010, citations were issued charging Defendant with driving while impaired, speeding 35 miles per hour in a 25 mile per hour zone, and driving without a license. The charges against Defendant came on for trial before Judge Patricia Evans at the 11 May

2011 criminal session of Durham County District Court. On that date, Judge Evans convicted Defendant of driving while impaired, speeding, and driving without an operator's license. After the entry of judgment, Defendant noted an appeal to the Durham County Superior Court for a trial *de novo*.

On 16 August 2011, Defendant filed a motion to suppress any evidence obtained as a result of the stopping of Defendant's vehicle on the grounds that Officer Staton lacked the reasonable suspicion needed to justify conducting such an investigative detention. Defendant's suppression motion was heard before the trial court on 18 August 2011. At the conclusion of the hearing, the trial court ruled that "[t]he motion to suppress is granted for the reasons argued in the memorandum by the defense, that it was a[n] unlawful investigatory stop," and directed "counsel [] to prepare an order." On the same day, the trial court signed a written order granting Defendant's suppression motion. The State noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Applicable Legal Principles

As we have already noted, Defendant's motion seeks the suppression of evidence obtained as the result of a traffic stop. "[R]easonable suspicion is the necessary standard for traffic stops, regardless of whether the traffic violation was readily observed or merely suspected." *State v. Styles*, 362 N.C. 412, 415, 665 S.E.2d 438, 440 (2008). "An officer has reasonable suspicion if a 'reasonable, cautious officer, guided by his experience and training,' would believe that criminal activity is afoot 'based on specific and articulable facts, as well as the rational inferences from those facts.' " *State v. Williams*, ____ N.C. ____, ____, 726 S.E.2d ____, ____, 2012 N.C. Lexis 410 *13-*14 (2012) (quoting *State v. Watkins*, 337 N.C. 437, 441-42, 446 S.E.2d 67, 70 (1994) (citing *Terry v. Ohio*, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889, 906 (1968) (other citation omitted)).

"It is well established that the standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact 'are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.' " *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (quoting *State v. Brewington*, 352 N.C. 489, 498, 532 S.E.2d 496, 501 (2000) (internal citation omitted), *cert. denied*, 531 U.S. 1165, 121 S. Ct. 1126, 148 L. Ed. 2d 992 (2001)). However, "[c]onclusions of law are reviewed *de*

*novo* and are subject to full review." *State v. Biber,* 365 N.C. 162, 168, 712 S.E.2d 874, 878 (2011) (citation omitted). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams,* 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (quoting *In re Appeal of the Greens of Pine Glen Ltd. P'ship,* 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

N.C. Gen. Stat. § 15A-977 "sets forth the procedure for considering a motion to suppress in superior court." *State v. Salinas,* ____ N.C. ____, ____, ____ S.E.2d ____, ____ 2012 N.C. LEXIS 412 (2012). According to N.C. Gen. Stat. § 15A-977:

> (a) A motion to suppress evidence in superior court . . . must state the grounds upon which it is made . . . [and] must be accompanied by an affidavit containing facts supporting the motion. The affidavit may be based upon personal knowledge, or upon information and belief, if the source of the information and the basis for the belief are stated. . . .
>
> . . . .
>
> (c) The judge may summarily deny the motion to suppress evidence if:
>
>> (1) The motion does not allege a legal basis for the motion; or
>>
>> (2) The affidavit does not as a matter of law support the ground alleged.
>
> (d) If the motion is not determined summarily the judge must make the determination after a hearing and finding of facts. Testimony at the hearing must be under oath.
>
> . . . .
>
> (f) The judge must set forth in the record his findings of facts and conclusions of law.

### B. Failure to Attach Affidavit

[1] As an initial matter, the State argues that the trial court erred by failing to summarily dismiss Defendant's suppression motion based upon his failure to attach a supporting affidavit as required by N.C. Gen. Stat. § 15A-977(a). Although the trial court has the authority to summarily deny or dismiss a suppression motion that fails to comply with the required procedural formalities, we conclude that the trial

court has the discretion to refrain from summarily denying such a motion that lacks an adequate supporting affidavit if it chooses to do so. As a result, we conclude that the State's initial argument lacks merit.

As we have already noted, the trial court "may summarily deny [a] suppression motion" if it "does not allege a legal basis for the motion" or if the accompanying "affidavit does not as a matter of law support the ground alleged." N.C. Gen. Stat. § 15A-977(c). "The decision to summarily deny a motion that is not accompanied by an affidavit is vested in the discretion of the trial court." *State v. Langdon*, 94 N.C. App. 354, 356 S.E.2d 388, 390 (1989). Thus, in the event that the trial court had summarily denied Defendant's suppression motion for lack of an adequate supporting affidavit, it would have been fully entitled to do so. We do not, however, believe that this determination necessarily ends the relevant inquiry for purposes of this case.

Although the relevant statutory language provides that the trial court "may" summarily dismiss a defective suppression motion, nothing in N.C. Gen. Stat. § 15A-977(c) compels it to do so. "Ordinarily when the word 'may' is used in a statute, it will be construed as permissive and not mandatory." *In re Hardy*, 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978) (citing *Felton v. Felton*, 213 N.C. 194, 198, 195 S.E. 533, 536 (1938), and *Rector v. Rector*, 186 N.C. 618, 620, 120 S.E. 195, 196 (1923)). For example, in *State v. Marshall*, 92 N.C. App. 398, 374 S.E.2d 874 (1988), *cert. denied*, 328 N.C. 273, 400 S.E.2d 459 (1991), this Court addressed a contention by the State that the defendant failed to comply with the procedural requirements of N.C. Gen. Stat. § 15A-977(a) and had, for that reason, waived the right to obtain appellate review of the trial court's order denying his suppression motion. In response, we stated that:

> The trial judge here had the authority pursuant to N.C. [Gen. Stat. §] 15A-977(c)(1) to summarily deny the motion to suppress because defendant did not give a legal basis for his motion to suppress. [N.C. Gen. Stat. §] 15A-977(c)(1) [(2011)] (judge *may* summarily deny the motion to suppress evidence if motion does not contain legal basis for motion) [(emphasis in original)]; *State v. Harvey*, 78 N.C. App. 235, 237, 336 S.E. 2d 857, 859 (1985) (where defendant fails to set forth adequate legal grounds, trial court is vested with discretion of whether to summarily deny the motion). However, the trial judge exercised his discretion not to summarily deny the motion and immediately proceeded to conduct a *voir dire* relating to the admissibility of the defendant's state-

ments[.] . . . Thus, we conclude defendant has not waived his right to contest the admissibility of statements by him for failure to comply with the procedural requirements of [N.C. Gen. Stat. §] 15A-977.

*Marshall*, 92 N.C. App at 406, 374 S.E.2d at 878. *See also State v. McQueen*, 324 N.C. 118, 128, 377 S.E.2d 38, 44 (1989) (stating that, "when defendant filed his motion to suppress these statements, he failed to file a supporting affidavit as required by N.C. [Gen. Stat.] § 15A-977(a)" and that, "[n]otwithstanding defendant's omission, however, we elect to address the issue under our supervisory powers") (citing N.C.R. App. P. 2). As a result, we conclude that the trial court had discretion to refrain from summarily dismissing Defendant's suppression motion and did not err by proceeding to conduct an evidentiary hearing addressing the merits of the issues raised by Defendant's motion.

### C. Failure to Make Findings of Fact

**[2]** Secondly, the State argues that the trial court erred by failing to make findings of fact resolving material conflicts in the evidence presented at the suppression hearing. This aspect of the State's challenge to the trial court's order has merit.

" '[T]he general rule is that [the trial court] should make findings of fact to show the bases of [its] ruling. If there is a material conflict in the evidence . . . [the trial court] must do so in order to resolve the conflict.' . . . 'Findings and conclusions are required in order that there may be a meaningful appellate review of the decision' on a motion to suppress.' " *Salinas*, ____ N.C. at ____, ____ S.E.2d at ____ (quoting *State v. Phillips*, 300 N.C. 678, 685, 268 S.E.2d 452, 457 (1980), and *State v. Horner*, 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984)). "When the trial court fails to make findings of fact sufficient to allow the reviewing court to apply the correct legal standard, it is necessary to remand the case to the trial court. Remand is necessary because it is the trial court that 'is entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those findings, render a legal decision, in the first instance, as to whether or not a constitutional violation of some kind has occurred.' " *Salinas*, ____ N.C. at ____, ____ S.E.2d at ____ (citing *State v. McKinney*, 361 N.C. 53, 63-65, 637 S.E.2d 868, 875-76 (2006), and quoting *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 620 (1982)).

After the evidence had been presented at the suppression hearing, Defendant's trial counsel argued that Officer Staton stopped Defendant's vehicle because he was driving "a white Lexus in a troubled neighborhood at 3:00 in the morning" rather than because Officer Staton had a reasonable suspicion that Defendant was engaged in criminal activity and that it was "simply not plausible" that, after exchanging glances with a law enforcement officer and after that officer made a U-turn for the purpose of following him, Defendant would drive in an unlawful manner with the officer right behind him. The testimony of Officer Staton and Defendant concerning whether the two men made eye contact before Officer Staton decided to turn around and follow Defendant, the extent to which Officer Staton questioned Defendant about his presence in the neighborhood, and the extent to which Defendant was driving in an inappropriate manner directly conflicted. In light of this conflicting testimony concerning matters which were directly relevant to the issue of whether Officer Staton had a reasonable suspicion that Defendant was engaging in unlawful activity, the trial court was obligated to make findings of fact that resolved the material conflicts between the testimony of Officer Staton and Defendant.

At the conclusion of the suppression hearing, however, the trial court entered an order that simply stated that:

> This cause coming before the Court . . . it is hereby order[ed that]:
>
> (i) Defendant's Motion To Suppress Evidence is hereby granted;
>
> (ii) Any and all evidence gathered subsequent to the traffic stop made in this matter is hereby suppressed and not admissible at trial[.]

The trial court's order granting Defendant's suppression motion contains no findings of fact resolving the material evidentiary conflicts that became apparent during the suppression hearing. For that reason, we are unable to conduct a meaningful review of the trial court's order and must remand this case to the trial court for the entry of an order ruling on the issues raised by Defendant's suppression motion that contains adequate findings of fact and conclusions of law.

In urging us to affirm the trial court's order, Defendant argues that "the trial court's ruling from the bench indirectly indicated that the trial court resolved the credibility issue in favor of the Defendant"

STATE v. O'CONNOR

[222 N.C. App. 235 (2012)]

and that the trial court "indirectly provided a rationale from the bench" by stating that Defendant's motion was granted "for the reasons argued in the memorandum for the defense, that it was a[n] unlawful investigatory stop." Defendant may, of course, be correct in arguing that the trial court's decision to grant his suppression motion "indirectly" indicated that the trial court resolved disputed factual issues in his favor. However:

> We observe that the language of section 15A-977(f) is mandatory —a trial court "*must* set forth in the record [its] findings of fact and conclusions of law." N.C. Gen. Stat. § 15A-977(f) [(2011)] (emphasis added). *Compare In re Hardy*, 294 N.C. 90, [97,] 240 S.E.2d 367[, 372] (1978) (noting that, when a statute employs the word "may," it ordinarily shall be construed as permissive and not mandatory, but legislative intent must control the statute's construction) *with State v. Inman*, 174 N.C. App. 567, 570,] 621 S.E.2d 306[, 309] (2005) (observing that use of the words "must" and "shall" in a statute are deemed to indicate a legislative intent to make the provision of the statute mandatory such that failure to observe it is fatal to the validity of the action), *disc. rev. denied*, 360 N.C. 652, 638 S.E.2d 907 (2006).
>
> The language of [N.C. Gen. Stat. §] 15A-977 has been interpreted as mandatory to the trial court *unless* (1) the trial court provides its rationale from the bench, *and* (2) there are no material conflicts in the evidence at the suppression hearing." *State v. Williams*, [195] N.C. App. 554, 555, 673 S.E.2d 394 ,395 (2009) (citing *State v. Shelly*, 181 N. C. App. 196, 204-205, 638 S.E.2d 516, 523, *disc. review denied*, 361 N.C. [367], 646 S.E.2d 768 (2007) (emphasis added). . . .

*State v. Baker*, ____ N.C. App ____, ____, 702 S.E.2d 825, 828-29 (2010). In this case, as we have already observed, the evidence presented at the hearing held with respect to Defendant's suppression motion was sharply conflicting. Were we to adopt the logic espoused in Defendant's brief, we would have effectively eviscerated the requirement that trial judges make findings of fact and conclusions of law in deciding whether to grant or deny a suppression motion, a step which we decline to take. As a result, we conclude that, by failing to make any factual findings resolving the conflicts in the testimony given by Officer Staton and Defendant at the suppression hearing, the trial court failed to comply with N.C. Gen. Stat. § 15A-977, that the absence of the necessary findings of fact prevents us from reviewing the trial court's order in accordance with the applicable standard of

**STATE v. O'CONNOR**

[222 N.C. App. 235 (2012)]

review, and that this case must be remanded to the trial court for the entry of an order that contains appropriate findings and conclusions.

On the other hand, the State contends that the trial court erred by failing to deny Defendant's suppression motion on its merits. In support of this contention, the State relies on Officer Staton's testimony to the effect that Defendant was weaving and exceeding the posted speed limit in order to argue that the nature of Defendant's driving and the time and location at which this driving occurred provided ample justification for Officer Staton's decision to stop Defendant's vehicle. However, as we have already noted, the testimony of Officer Staton and the testimony of Defendant concerning the manner in which Defendant was driving conflicted. In view of the fact that we cannot determine the extent, if any, to which Officer Staton had the authority to stop Defendant's vehicle until these issues of fact have been resolved and since the trial court failed to make any findings of fact that resolved these disputed factual issues, we are simply not in a position to take the State up on its invitation that we decide the validity of Officer Staton's decision to stop Defendant's vehicle on the merits at this time.

## III.  Conclusion

Thus, for the reasons set forth above, we conclude that the trial court erred by failing to make appropriate findings and conclusions in its order ruling on Defendant's suppression motion. As a result, the trial court's order should be, and hereby is, reversed and this case should be, and hereby is, remanded to the Durham County Superior Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Judges McGEE and STEELMAN concur.