STATE OF NORTH CAROLINA v. SUSAN FULLER (A/K/A HARRIET SUSAN PERRY)

No. 7915SC1088

(Filed 19 August 1980)

1. Criminal Law § 134.2– guilty verdict in one county – presentence report – judgment in another county

In using the word "adjudged" in G.S. 15A-1331(b) with respect to determining when a person has been "convicted" of an offense, the legislature was not referring to the formal entry of judgment by the court but rather to the return by the jury of a verdict of guilty. Therefore, the court was authorized by G.S. 15A-1334(c) to enter judgment and commitment against defendant in Chatham County upon a verdict of guilty returned by a jury after trial in Orange County where the court had ordered a presentence report since defendant had been adjudged guilty in Orange County even though prayer for judgment was continued in that county.

2. Criminal Law § 99.9– court's question to witness – no expression of opinion

The trial judge did not express an opinion in violation of G.S. 15A-1222 in asking a witness to "describe what this defendant did," since the purpose of the question was to clarify testimony by the witness in which he used the word "they."

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 25 June 1979 in Superior Court, CHATHAM County for Orange County. Heard in the Court of Appeals 14 April 1980.

Defendant was indicted for the felonious larceny of a 10-inch color television set and other merchandise from Roses Stores, Inc. in Chapel Hill, N.C. After trial at the 29 May 1979 Session of Superior Court in Orange County, the jury returned verdict finding defendant guilty. Upon return of the verdict, the judge presiding entered the following order:

It is now ORDERED:

At this session the Defendant entered a plea of not guilty to the felony of larceny. A Jury was empannelled [sic] and heard evidence for the State and for the Defendant, and later returned a verdict of guilty of larceny of property value of more than $200. The Court in its discretion Orders a presentence investigation be made by the Probation Department. That the report be made to this Judge and the

State v. Fuller

Superior Court in Chatham County which begins June 25, 1979. Prayer for Judgment is continued until this session.

This 31 Day of May, 1979.

s/ Henry A. McKinnon Jr.
Presiding Judge

On 25 June 1979 Judge McKinnon, presiding over Superior Court in Chatham County, entered judgment sentencing defendant to prison for a term of two years. From this judgment, defendant appeals.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Acie L. Ward for the State.*

*Loflin, Loflin, Galloway & Acker by Thomas F. Loflin III and James R. Acker for defendant appellant.*

PARKER, Judge.

[1] Two questions are presented on this appeal: first, whether the court had jurisdiction to enter judgment and commitment against defendant in Chatham County upon a verdict of guilty returned by a jury after trial in Superior Court in Orange County; and second, whether the court erred in the course of the trial by expressing an opinion on a question of fact to be decided by the jury. We hold that the court had jurisdiction and find no error in the trial.

As to the first question, the procedure followed by the trial judge in the present case was expressly authorized by G.S. 15A-1334(c), which provides as follows:

*Sentence Hearing in Other District.* — The judge who orders a presentence report may, in his discretion, direct that the sentencing hearing be held before him in another county or another judicial district during or after the session in which the defendant was convicted. If sentence is imposed in a county other than the one where the defen-

State v. Fuller

dant was convicted, the clerk of the county where sentence is imposed must forward the records of the sentencing proceeding to the clerk of the county of conviction.

We find this statute applicable in the present case. In contending to the contrary, defendant points to the language of G.S. 15A-1331(b) which provides that "[f]or the purpose of imposing sentence, a person has been convicted when he has been adjudged guilty or has entered a plea of guilty or no contest." Defendant contends that G.S. 15A-1334(c) cannot apply in the present case because, under her reading of G.S. 15A-1331(b), she was never "convicted" in Orange County, since prayer for judgment was continued in that county and therefore she was not "adjudged" guilty in that county.

Defendant's contention is based on a misinterpretation of G.S. 15A-1331(b). In a criminal trial in superior court a defendant's guilt can only be established by a properly entered and accepted plea of guilty or of no contest, or by the verdict of a jury. Absent a plea of guilty or of no contest, guilt can never be established by *judgment* of the court, but only by a *verdict* of the jury. However, in returning a verdict of guilty, it is sometimes said that the jury "adjudged" the defendant guilty. It was in this sense that the legislature used the word "adjudged" in G.S. 15A-1331(b). We conclude, and so hold, that by use of the word "adjudged" in G.S. 15A-1331(b) with respect to determining when a defendant has been "convicted" of an offense, the legislature was not referring to the formal entry of judgment by the court but rather to the return by the jury of a verdict of guilty. Accordingly, we hold that the trial judge in the present case was expressly authorized by G.S. 15A-1334(c) to hold the sentencing hearing and to impose judgment in Chatham County.

[2] The second question presented by this appeal is based on appellant's second assignment of error in which she assigned as error:

2. The trial court's statement to the State's witness, "Describe what this defendant did," on the ground that the same constitute [sic] an expression of opinion that the defendant, in fact, engaged in the criminal activity with which she was charged.

This assignment of error was based on the following incident at the trial. During the course of direct examination by the Assistant District Attorney of the manager of Roses Store, the witness testified that he had observed the defendant and a companion checking over a color television set with a 10-inch screen which was on display on a table in the store. The following exchange then occurred:

QUESTION [By the Assistant District Attorney]: All right. And what, if anything, occurred at that time?

ANSWER: I observed the two individuals. They picked up the television. They walked down the side aisle.

DEFENSE COUNSEL: OBJECTION, your Honor, to they.

COURT: Well, overruled. Describe how you say they did. Was [sic] both of them carrying it?

ANSWER: The lady sitting in the courtroom, your Honor.

COURT: Did what?

ANSWER: Picked up . . .

COURT: You said they carried it, more than one carrying it?

ANSWER: No, sir.

COURT: Describe what this defendant did.

ANSWER: The defendant picked up the T.V. in the box or picked up the carton containing the television, walked down the side aisle, cut across through the center of the store.

We find no merit in defendant's contention that by asking the witness to "[d]escribe what this defendant did," the court expressed an opinion on any question of fact in violation of G.S. 15A-1222. It is well established that "the trial judge may direct

questions to a witness for the purpose of clarifying his testimony and promoting a better understanding of it." *State v. Freeman,* 280 N.C. 622, 627, 187 S.E. 2d 59, 63 (1972). This was all that was done in the present case. The trial judge expressed no opinion in violation of G.S. 15A-1222.

No Error.

Chief Judge MORRIS and Judge WELLS concur.