STATE OF NORTH CAROLINA v. RASHAWN DREAN YARRELL

No. COA03-1454

(Filed 2 August 2005)

**1. Jury— denial of challenge for cause—death penalty views**

The trial court did not abuse its discretion in a first-degree murder case by denying defendant's challenge for cause of a juror whose beliefs about the death penalty allegedly rendered her unqualified to sit on the jury, because the trial court carefully questioned the juror as to her views about the death penalty versus life imprisonment and determined that she was capable of following the law.

**2. Assault; Homicide— assault with deadly weapon inflicting serious injury—assault with deadly weapon—first-degree murder—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charges of double assault with a deadly weapon

**STATE v. YARRELL**

[172 N.C. App. 135 (2005)]

inflicting serious injury, assault with a deadly weapon, and first-degree murder, because: (1) the State demonstrated how defendant's hands and feet were used as deadly weapons in the attack of one of the victims who was undressed and facing downward in an unlit bedroom when he was hit from behind, dragged to the ground, and then kicked while facing downward; (2) the State provided substantial elements for the assault with a deadly weapon inflicting serious injury of another victim who was also undressed and lying in bed in an unlit bedroom where she was struck, was bleeding, and blacked out; (3) the State showed that defendant used his hands and a rubber mallet to hit one victim and that during this attack another victim was hit in the head while she was trying to stop the attack which caused her to get a deep laceration over her left eye that required stitches, antibiotics, and a tetanus shot; and (4) with regard to the first-degree murder, the State showed substantial evidence that defendant attacked the victim after the victim had been knocked to the ground by another, defendant retrieved a rubber mallet from his vehicle and beat the victim with it, defendant stole the shoes from the victim's feet and fled the scene, and defendant told others during his flight that he had killed the victim.

### 3. Homicide— first-degree murder—sufficiency of indictment

Although defendant contends the trial court erred by denying defendant's motion to dismiss the charge of first-degree murder because the indictment failed to allege every element of the offense, he concedes that our Supreme Court has ruled against his position.

### 4. Sentencing— aggravating factors—*Blakely* error

The trial court erred by finding aggravating factors and sentencing defendant in the aggravating range for two counts of assault with a deadly weapon inflicting serious injury, because: (1) the aggravating factors that defendant committed the offense while on pretrial release on another charge and that defendant joined with more than one other person in committing the offense and was not charged with committing conspiracy were not prior convictions, the factors were not admitted by defendant, and the facts for these aggravating factors were not presented to a jury and proved beyond a reasonable doubt; and (2) the aggravating factor that defendant had previously been adjudicated delinquent does not constitute a prior conviction pursuant to

N.C.G.S. § 7B-2412 and was neither presented to a jury and proved beyond a reasonable doubt nor admitted by defendant.

Appeal by Defendant from conviction and sentencing entered 10 December 2002 by Judge Jerry Cash Martin in Superior Court, Randolph County. Heard in the Court of Appeals 13 September 2004.[1]

*Attorney General Roy Cooper, by Special Deputy Attorney General Ralf F. Haskell, for the State.*

*Daniel Shatz, for the defendant-appellant.*

WYNN, Judge.

Defendant, Rashawn Drean Yarrell, argues that the trial court erred by: (1) denying his challenge for cause of juror Mildred Williams, whose beliefs about the death penalty rendered her unqualified to sit on the jury; (2) denying his motion to dismiss the charges because the State failed to present sufficient evidence as to every element of the charged offenses; (3) denying his motion to dismiss the charge of first-degree murder because the indictment failed to allege every element of that offense; and (4) finding aggravating factors and sentencing Defendant in the aggravated range. After careful review, we conclude that no error was committed by the trial court below, except as to the trial court's finding aggravating factors and sentencing Defendant in the aggravated range. We therefore remand for resentencing.

A brief procedural and factual history of the instant appeal is as follows: On 16 September 2000, Defendant attended a party at the home of Reannon Wilkes ("Wilkes") and Melissa Thiele ("Thiele"). Michael Robbins ("Robbins") and Quincy McKinney ("McKinney") were also present. The party descended into chaos when Defendant and others burst into Thiele's bedroom, where Thiele was getting intimate with Robbins, to attack Robbins. As a result of the assault, Robbins was cut over his right eye—an injury requiring stitches—and had knots in the back of the head. Thiele incurred a nasal fracture, sinus fracture, and closed head injury, and required surgery on her nose, out of which she still cannot breathe.

---

1. By order of this Court, the filing of this opinion was delayed pending the outcome of the Supreme Court of North Carolina decisions in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005) and *State v. Speight*, 359 N.C. 602, 614 S.E.2d 262 (2005) on issues arising from the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004).

Following the assault on Robbins and Thiele, Wilkes instructed the party attendants to leave the house. Outside the house, party attendants began assaulting McKinney. Defendant got a rubber mallet, beat McKinney with the mallet while McKinney lay on the ground, and thereafter stole McKinney's shoes from his feet. McKinney was taken to the hospital, where he was declared brain-dead. An autopsy revealed blunt force injuries, including severe tearing injuries to the left ear, a split skull, extensive fracturing of the left skull, fracturing on the inner surface of the skull, bleeding over the surface of the brain, hemorrhaging of the brain, a rib fracture, and lung damage. Defendant also struck Wilkes as Wilkes attempted to stop Defendant's assault on McKinney. Wilkes incurred a laceration over her left eye and required stitches, antibiotics, and a tetanus shot.

Defendant and others fled the scene, throwing the rubber mallet at a nearby building, where it was later found. Defendant was seen wearing McKinney's shoes and stated to others "I killed him, I killed him." Defendant was also seen in possession of Robbins' coat.

Defendant was arrested and indicted for first-degree murder of McKinney, assault of Thiele with a deadly weapon inflicting serious injury, assault of Robbins with a deadly weapon, and assault of Wilkes with a deadly weapon with the intent to kill and inflicting serious injury. Defendant pleaded not guilty and went before a jury. Defendant was convicted of first-degree murder of McKinney, assault with a deadly weapon inflicting serious injury on Thiele, assault with a deadly weapon on Robbins, and assault with a deadly weapon inflicting serious injury on Wilkes. On 10 December 2002, Defendant was sentenced to life imprisonment without parole for the first-degree murder count, thirty-one to forty-seven months imprisonment for each of the counts of assault with a deadly weapon inflicting serious injury, and sixty days for the count of assault with a deadly weapon. Defendant appeals from these convictions and sentences.

[1] On appeal, Defendant first contends that the trial court erred by denying his challenge for cause of juror Mildred Williams, whose beliefs about the death penalty rendered her unqualified to sit on the jury. "The decision 'whether to allow a challenge for cause in jury selection is . . . ordinarily left to the sound discretion of the trial court which will not be reversed on appeal except for abuse of discretion.' " *State v. Bowman*, 349 N.C. 459, 471, 509 S.E.2d 428, 436 (1998) (quoting *State v. Stephens*, 347 N.C. 352, 365 493 S.E.2d 435, 443 (1997)). "An abuse of discretion occurs where the trial

judge determination is manifestly unsupported by reason and is so arbitrary that it could not have been the result of a reasoned decision." *State v. Reed*, 355 N.C. 150, 155, 558 S.E.2d 167, 171 (2002) (quotations omitted).

Here, the record shows that the trial court carefully questioned Williams as to her views about the death penalty versus life imprisonment. The court ensured that Williams understood, *inter alia*, the difference between the guilt and sentencing phases of trial, the burden of proof on the State, and her duty as a juror to listen to and fully consider both sides' arguments and evidence. The trial court determined to its satisfaction that Williams was capable thereof; this decision was not an abuse of discretion. *See State v. Hedgepeth*, 350 N.C. 776, 791-98, 517 S.E.2d 605, 615-19 (1999) (holding that the trial court did not abuse discretion by denying a challenge for cause of a juror who favored the death penalty in a murder case but whom the court determined was nevertheless able to consider life imprisonment).

[2] Next, Defendant contends that the trial court erred by denying his motion to dismiss the charges because the State failed to present sufficient evidence as to every element of the charged offenses. To survive a motion to dismiss, the State must present substantial evidence of each element of the offense charged and the defendant's being the perpetrator. *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). In considering whether such substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980) (citations omitted), exists, the trial court must view the evidence "in the light most favorable to the State, giving the State the benefit of every reasonable inference." *State v. Price*, 344 N.C. 583, 587, 476 S.E.2d 317, 319 (1996).

An assault with a deadly weapon requires that there have been an assault, during the course of which a deadly weapon was utilized. N.C. Gen. Stat. § 14-33 (2003). "[H]ands and fists may be considered deadly weapons, given the manner in which they were used and the relative size and condition of the parties involved." *State v. Rogers*, 153 N.C. App. 203, 211, 569 S.E.2d 657, 663 (2003) (citing *State v. Krider*, 138 N.C. App. 37, 530 S.E.2d 569 (2000); *State v. Grumbles*, 104 N.C. App. 766, 770-71, 411 S.E.2d 407, 410 (1991); *State v. Jacobs*, 61 N.C. App. 610, 611, 301 S.E.2d 429, 430 (1983)). "[W]here [an] instrument, according to the manner of its use or the part of the body at which the blow is aimed, may or may not be likely to produce

[death or great bodily harm], its allegedly deadly character is one of fact to be determined by the jury." *Id.* (quoting *State v. Joyner*, 295 N.C. 55, 64-65, 243 S.E.2d 367, 373 (1978), and citing *Grumbles*, 104 N.C. App. at 770-71, 411 S.E.2d at 410).

In this case, the State provided substantial evidence that, in the light most favorable to the State, demonstrated Defendant assaulted Robbins and Defendant's hands and/or feet were used as deadly weapons. Testimony at trial revealed that Defendant went into the room where Robbins and Thiele were getting intimate, and Defendant later reemerged from the room wearing Robbins' jacket. Other testimony revealed that at the time of the assault, Robbins was undressed and facing downward in an unlit bedroom. Robbins was hit in the head from behind and dragged to the ground, where he was then kicked while facing downward. As a result of the assault, Robbins received knots in the back of his head and required stitches above his right eye. We conclude that the State provided substantial evidence as to all elements of the assault with a deadly weapon offense.

The crime of assault with a deadly weapon inflicting serious injury entails: (1) an assault, (2) with a deadly weapon, and (3) infliction of a serious injury not resulting in death. N.C. Gen. Stat. § 14-32. In this case, the State provided substantial evidence that, in the light most favorable to the State, demonstrated Defendant assaulted Thiele. Testimony at trial revealed that Defendant went into the room where Robbins and Thiele were getting intimate, and Defendant later reemerged from the room wearing Robbins' jacket. Other testimony revealed that at the time of the assault, Thiele was undressed and lying in bed in an unlit bedroom. Thiele was struck, was bleeding, and blacked out. As a result of the assault, Thiele incurred a nasal fracture, sinus fracture, and closed head injury, and required surgery on her nose, out of which she still cannot breathe. We conclude that the State provided substantial evidence as to all elements of this assault with a deadly weapon inflicting serious injury offense.

Regarding the assault with a deadly weapon inflicting serious bodily injury on Wilkes, the State provided substantial evidence that, in the light most favorable to the State, demonstrated Defendant assaulted McKinney, which resulted in an assault on Wilkes, during which Defendant used a rubber mallet as a deadly weapon that inflicted serious injuries. Testimony at trial revealed that Defendant swung his hands and a rubber mallet at McKinney, that during the attack on McKinney Defendant hit Wilkes in the head, and that Wilkes then fell to the ground. As a result of the assault, Wilkes incurred a

deep laceration over her left eye and required stitches, antibiotics, and a tetanus shot. We conclude that the State provided evidence as to all elements of this assault with a deadly weapon inflicting serious bodily injury offense.

A "willful, deliberate, and premeditated killing, or which shall be committed in the perpetration or attempted perpetration of any [specific intent] felony committed or attempted with the use of a deadly weapon shall be deemed to be murder in the first degree[.]" N.C. Gen. Stat. § 14-17 (2003). "The elements required for conviction of first degree murder are (1) the unlawful killing of another human being; (2) with malice; and (3) with premeditation and deliberation." *State v. Haynesworth*, 146 N.C. App. 523, 531, 553 S.E.2d 103, 109 (2001) (citing N.C. Gen. Stat. § 14-17; *State v. Bonney*, 329 N.C. 61, 405 S.E.2d 145 (1991)).

In this case, the State provided substantial evidence that, in the light most favorable to the State, demonstrated, *inter alia*, that Defendant attacked McKinney after McKinney had been knocked to the ground by another. Defendant retrieved from a vehicle a rubber mallet and beat McKinney with it. Defendant then stole the shoes off McKinney's feet and fled the scene. During his flight, Defendant stated to others "I killed him, I killed him." We conclude that the State provided substantial evidence as to all elements of the first-degree murder offense.

[3] Defendant also contends that the trial court erred by denying his motion to dismiss the indictment for first-degree murder because the indictment failed to allege all of the elements of the offense. Defendant concedes, however, that our Supreme Court has ruled against his position. *See State v. Hunt*, 357 N.C. 257, 582 S.E.2d 593 (2003). Accordingly, we find no error.

[4] Finally, in a motion for appropriate relief, Defendant contends that, regarding the two counts of assault with a deadly weapon inflicting serious injury, the trial court erred in finding aggravating factors and sentencing him within the aggravated range in violation of his Sixth Amendment right to a jury trial. *See Blakely*, 542 U.S. 296, 159 L. Ed. 2d 403. The trial court found the aggravating factors that: (1) Defendant committed the offense while on pretrial release on another charge; (2) Defendant joined with more than one other person in committing the offense and was not charged with committing conspiracy; and (3) Defendant had previously been adjudicated delin-

quent for an offense that would be a Class A, B, C, D, or E felony if committed by an adult.

Our Supreme Court recently held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *Allen*, 359 N.C. at 437, 615 S.E.2d at 265; *see Speight*, 359 N.C. at 606, 614 S.E.2d at 264. Therefore,

> [T]hose portions of N.C.G.S. § 15A-1340.16 (a), (b), and (c) which require trial judges to consider evidence of aggravating factors not found by a jury or admitted by the defendant and which permit imposition of an aggravated sentence upon judicial findings of such aggravating factors by a preponderance of the evidence violate the Sixth Amendment to the United States Constitution.

*Allen*, 359 N.C. at 438-39, 615 S.E.2d at 265. Accordingly, our Supreme Court concluded that "*Blakely* errors arising under North Carolina's Structured Sentencing Act are structural and, therefore, reversible *per se*." *Id.* at 444, 615 S.E.2d at 269.

The aggravating factors that Defendant committed the offense while on pretrial release on another charge and that Defendant joined with more than one other person in committing the offense and was not charged with committing conspiracy were not prior convictions, the factors were not admitted by Defendant, and the facts for these aggravating factors were not presented to a jury and proved beyond a reasonable doubt. Further, the aggravating factor that Defendant has previously been adjudicated delinquent does not constitute a prior conviction pursuant to section 7B-2412 of our General Statutes and was neither presented to a jury and proved beyond a reasonable doubt nor admitted by Defendant. N.C. Gen. Stat. § 7B-2412 (2004) ("An adjudication that a juvenile is delinquent . . . shall neither be considered conviction of any criminal offense nor cause the juvenile to forfeit any citizenship rights."). Therefore, pursuant to *Allen* and *Speight* we must remand for resentencing.

In sum, we hold that the trial court did not err in denying Defendant's challenge for cause of juror Mildred Williams, Defendant's motion to dismiss the charges at the close of evidence, or Defendant's motion to dismiss the first-degree murder indictment. Defendant failed to argue his other assignments of error, which are therefore deemed abandoned. See N.C. R. App. P. 28(b)(6). The trial court did, however, err in finding impermissible aggravating factors and sentencing Defendant in the aggravated range; accordingly, we remand for resentencing.

No Error in part, Remanded for resentencing in part.

Chief Judge MARTIN and Judge McGEE concur.