STATE OF NORTH CAROLINA v. SHANNON DENISE HAISLIP

No. 513PA07

(Filed 10 October 2008)

**Search and Seizure— motion to suppress—remand for findings and conclusions**

A driving while impaired (DWI) case is remanded to the superior court for written findings and conclusions sufficient to resolve all issues raised by defendant's motion to suppress evidence used to convict her of DWI based upon her contention that the evidence was procured as the result of an unconstitutional motor vehicle checkpoint.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 186 N.C. App. 275, 651 S.E.2d 243 (2007), reversing a judgment entered on 23 May 2006, by Judge William C. Griffin, Jr. in the Superior Court in Pitt County, and remanding the case to the trial court. Heard in the Supreme Court 8 September 2008.

*Roy Cooper, Attorney General, by Kathryne E. Hathcock, Assistant Attorney General, for the State-appellant.*

*The Robinson Law Firm, P.A., by Leslie S. Robinson, for defendant-appellee.*

PER CURIAM.

The State of North Carolina seeks review of the unanimous Court of Appeals decision reversing the denial of defendant's motion to suppress the evidence used to convict her for driving while impaired and remanding for appropriate findings of fact and conclusions of law as to the constitutionality of a checkpoint. The State asserts that the Court of Appeals erred in holding that (1) defendant was "stopped" within the meaning of the Fourth Amendment; and (2) the constitutionality of the checkpoint is at issue, in that defendant evaded the checkpoint.

On review of a motion to suppress evidence, an appellate court determines whether the trial court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law. *State v. Wynne*, 329 N.C. 507, 524, 406 S.E.2d 812, 821 (1991)

(citing *State v. Williams*, 308 N.C. 47, 301 S.E.2d 335, *cert. denied*, 464 U.S. 865, 78 L. Ed. 2d 177 (1983)). The trial court's findings of fact "are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (citations and internal quotation marks omitted). The conclusions of law, however, are reviewed de novo. *State v. Hyatt*, 355 N.C. 642, 653, 566 S.E.2d 61, 69 (2002) (citation omitted), *cert. denied*, 537 U.S. 1133, 154 L. Ed. 2d 823 (2003). The trial court's findings of fact are critical to our substantive review of an appellant's arguments.

Although the trial transcript indicates that the trial judge believed defendant "wasn't snared by the checkpoint," the transcript is devoid of any formal, specific findings of fact or conclusions of law as to what transpired on the evening of defendant's arrest. Thus, we disagree with the Court of Appeals' statement that the trial court made a "*finding* that Defendant was not stopped by the checkpoint." *State v. Haislip*, 186 N.C. App. 275, 280, 651 S.E.2d 243, 247 (2007). Indeed, although the trial judge stated at the very end of the proceedings that he had "written out in hand [his] findings and conclusions on the evidentiary hearing . . . with respect to the motion to suppress the evidence," the transcript reveals no ruling at all on the motion to suppress, and no such order was included in the record presented either to this Court or the Court of Appeals. *See id.* at 278, 651 S.E.2d at 246 ("No such [written] order appears in the record on appeal.").

Because we conclude that the record before us is inadequate to permit appellate review of the questions of law presented by the State's appeal, in that the record contains no order or ruling on defendant's motion to suppress, the decision of the Court of Appeals is vacated, and the case is remanded with direction to further remand to the Superior Court in Pitt County for written findings of fact and conclusions of law sufficient to resolve all issues raised by the motion to suppress.

VACATED AND REMANDED.