IN THE MATTER OF: C.G.H., A Minor Child.
No. COA09-410
Court of Appeals of North Carolina.
Filed August 18, 2009
This case not for publication
Staff Attorney Erica Glass, for Randolph County Department of Social Services, petitioner-appellant.
Pamela Newell Williams, for Guardian ad Litem.
Lucas & Ellis, PLLC, by Anna S. Lucas, for respondent-appellee mother.
JACKSON, Judge.
Petitioner Randolph County Department of Social Services ("DSS") appeals from the trial court's order dismissing its motion to terminate the parental rights of respondent-mother ("respondent") to her daughter, C.G.H. For the reasons stated below, we remand for additional findings of fact.
DSS had been involved with respondent in 2005 with respect to C.G.H.'s older sibling. On 6 September 2007, DSS issued a petition alleging that C.G.H. was abused, neglected, and dependent.[1] The petition alleged that C.G.H. and her sibling were in a motor vehicle with respondent and the sibling's father on 29 August 2007 when the adults were arrested for felony possession of heroin. Police found four bindles, three needles, and a spoon inside the vehicle. Respondent later admitted to DSS that she had used heroin consistently for the previous month and that she had abused cocaine and heroin in the past. The trial court entered an order for non-secure custody on 6 September 2007.
On 7 November 2007, the trial court adjudicated C.G.H. to be a neglected juvenile as defined by North Carolina General Statutes, section 7B-101(15) and a dependent juvenile as defined by section 7B-101(9). The court placed C.G.H. in DSS custody and approved placement in a foster home. The court further ordered respondent to (1) obtain and maintain stable housing, (2) obtain and maintain stable employment, (3) submit to random drug screens, (4) abide by the terms of her supervised probation, and (5) complete parenting classes. The order was entered on 29 April 2008.
Subsequently, respondent tested positive for drugs on 24 January, 25 February, 23 April, 17 June, and 11 July 2008. In addition, she failed to submit to requested drug screens on 19 February, 4 April, 19 June, and 2 July 2008. Further, although she completed a substance abuse assessment, respondent refused to comply with recommendations that she submit to long-term treatment programs. Respondent made a sudden decision at the 16 July 2008 permanency planning hearing that she was willing to enroll in a twenty-eight day treatment program. She was unable to secure her own transportation but did not request transportation assistance from DSS notwithstanding the fact that she knew that such assistance was available. On 4 August 2008, Day Reporting Center terminated respondent from its intensive substance abuse program.
From 13 December 2007 through 21 January 2008, respondent was incarcerated due to probation violations, including positive drug screens and failure to obtain a substance abuse assessment. She was incarcerated again from 14 May 2008 through 23 or 24 May 2008 for failure to appear in court. On 18 June 2008 respondent was incarcerated yet again. She was released by 27 June 2008, as she attended therapy that day. Her next period of incarceration was from 4 August 2008 through 18 October 2008. Respondent was arrested again on 22 October 2008, four days after being released from jail. She remained incarcerated at the time of the termination of parental rights hearing that is the subject of this appeal.
With respect to the remaining of the trial court's 7 November 2007 orders, when respondent was not incarcerated, she lived with her father and sister in a two-bedroom home. The home was not large enough to accommodate C.G.H. and her sibling in addition to the three adults. As to employment, from 15 October 2007 through approximately 25 October 2007, respondent worked at a pizza restaurant. She worked at a tanning salon from 12 February 2008 through an unknown date. By 4 April 2008 she was working at an Italian restaurant. She worked there through 23 April 2008. Other than those three short stints, respondent was unemployed. Although she attended some parenting classes, respondent failed to complete enough classes to receive a certificate of completion.
At the 16 July 2008 permanency planning hearing, the trial court ordered that reunification efforts cease and changed the permanent plan to adoption. On 18 August 2008, DSS filed a motion in the cause to terminate respondent's parental rights based upon several grounds.
The case came on for hearing on 14 January 2009. After hearing evidence from a social worker and substance abuse counselor, the trial court concluded that the evidence presented "was insufficient to support the allegations of the Motion in the cause to terminate parental rights as to the Mother and insufficient to find grounds for termination of parental rights on the Mother." In its order entered 27 January 2009, the trial court dismissed the motion to terminate respondent's parental rights. DSS appeals.
DSS argues, and the guardian ad litem agrees, that the trial court erred when it concluded that there was insufficient evidence to support a finding of a ground to terminate respondent's parental rights. We are without sufficient findings of fact to address the issue.
At the adjudication stage in termination of parental rights proceedings,"all findings of fact shall be based on clear, cogent, and convincing evidence." N.C. Gen. Stat. § 7B-1109(f) (2007). "Should the court determine that circumstances authorizing termination of parental rights do not exist, the court shall dismiss the petition or deny the motion, making appropriate findings of fact and conclusions." N.C. Gen. Stat. § 7B-1110(c) (2007) (emphasis added). Review in the appellate courts is limited to determining whether clear and convincing evidence exists to support the findings of fact, and whether the findings of fact support the conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), appeal dismissed, disc. rev. denied, 353 N.C. 374, 547 S.E.2d 9 (2001).
Here, the trial court failed to make findings of fact sufficient to permit appellate review of its order dismissing the motion to terminate respondent's parental rights. See N.C. Gen. Stat. § 7B-1110(c); see also, State v. Haislip, 362 N.C. 499, 500, 666 S.E.2d 757, 759 (2008) (a trial court must make sufficient findings of fact to permit appellate review of its conclusions of law). The trial court's sole "finding of fact" relevant to respondent was:
That the evidence presented to the Court was insufficient to support the allegations of the Motion in the cause to terminate parental rights as to the Mother and insufficient to find grounds for termination of parental rights on the Mother.
The trial court made no findings addressing the specific grounds for termination alleged by DSS or any of the evidence introduced at the hearing. Therefore, it is impossible for this Court to determine whether the trial court's ultimate conclusion of law is supported by proper findings of fact that are supported by the evidence. Accordingly, we remand the matter to the trial court. On remand, the court must view the evidence and make findings of fact in light of the correct standard. We leave to the discretion of the trial court whether, given the passage of time, it chooses to hear additional evidence regarding this matter.
Remanded.
Judges McGEE and CALABRIA concur.
Reported per Rule 30(e).
NOTES
[1] The petition was presented at 9:40 p.m. on 6 September 2007; however, it was not "filed," as evidenced by the clerk's file-stamp, until 9:10 a.m. on 7 September 2007.