STATE OF NORTH CAROLINA,
v.
NASIR LAVAR FRISBY, AKA MARCUS L. BYRD.
No. COA09-812.
Court of Appeals of North Carolina.
Filed: March 16, 2010.
This case not for publication
Roy Cooper, Attorney General, by Marc X. Sneed, Assistant Attorney General, for the State.
Michael E. Casterline, for defendant-appellant.
MARTIN, Chief Judge.
Defendant was indicted on charges of trafficking in cocaine by possession pursuant to N.C.G.S. § 90-95(h)(3), possession with intent to sell and deliver cocaine pursuant to N.C.G.S. § 90-95(a)(1), possession of marijuana pursuant to N.C.G.S. § 90-95(d)(4), possession of drug paraphernalia pursuant to N.C.G.S. § 90-113.22, and two counts of carrying a concealed weapon pursuant to N.C.G.S. § 14-269. In apt time, he moved to suppress all of the evidence which he contended was seized as the fruit of an unlawful search and seizure by law enforcement officers.
At the hearing on the motion to suppress, the evidence tended to show that on 19 October 2007, Officer Richard Haywood ("Officer Haywood") was employed by the Monroe Police Department, working in the Narcotics Division. On this evening, Officer Haywood and Officer Stroud were patrolling in a high crime area as part of a drug interdiction program. At approximately 9:30 p.m., the officers were driving down Charles Street in a marked car, when they noticed a black male wearing black clothing walking up the street. The individual was later identified as defendant. Officer Stroud asked Officer Haywood if he recognized the individual. After Officer Haywood responded that he did not recognize the individual, the two officers decided to turn the vehicle around to get a better look at him.
As the officers neared defendant in their patrol car, Officer Haywood smelled the odor of marijuana coming through the open window of the car. Officer Haywood testified that he smelled the marijuana from approximately a block away from where defendant was standing. Officer Haywood additionally stated that they "were behind the area [defendant] had walked from, and [they] smelled of his smoke as he walked away." As the officers passed defendant, Officer Haywood spotted what appeared to be a marijuana "blunt" in his right hand. At this time, the patrol care was right next to defendant. Officer Haywood described the blunt as approximately two-and-a-half inches long, which defendant held between his index and middle finger.
The officers then stopped their patrol car and approached defendant on foot. As they approached defendant, Officer Haywood did not see the blunt, but he smelled marijuana. Officer Haywood asked defendant where the blunt was, and defendant replied, "[i]t's gone." Officer Haywood told defendant that he "still smell[ed] it," as defendant had a strong odor of marijuana on his person. Defendant then replied that "it was nothing but a clip" and that he had thrown it away. At this point, Officer Haywood noticed that defendant was moving around a lot and was continuously putting his right hand in his pocket. Officer Stroud asked defendant to take his hand out of his pocket. Defendant then dropped a bag that he was carrying and began to run away. Officer Haywood described the bag as a "Nike shoe bag with drawstrings." The officers chased defendant for a short while, and Officer Stroud eventually apprehended defendant and handcuffed him. As the officers were walking back to the patrol car, they recovered the Nike bag which defendant had dropped. The bag contained a .45 caliber handgun, a.380 caliber handgun, ammunition for these guns, seven one-ounce bags of crack cocaine, 20-25 one-gram bags of crack cocaine, a larger bag containing 67 grams of powder cocaine, a set of scales, and a cigar box containing $4,000. The officers also found twenty grams of marijuana in defendant's right pocket.
The trial court denied defendant's motion to suppress the evidence, finding that the officers had reasonable and articulable suspicion to stop defendant. The matter proceeded to trial, and a jury convicted defendant of possession with intent to sell and deliver cocaine, possession of marijuana, possession of drug paraphernalia, trafficking in cocaine by possession, and two counts of carrying a concealed weapon. The trial court entered judgment sentencing defendant to imprisonment for a term of a minimum of 70 months and a maximum of 84 months upon his conviction of trafficking in cocaine by possession, and a consecutive term of imprisonment of a minimum of 10 months and a maximum of 12 months after consolidating for judgment the remaining convictions for possession with intent to sell and deliver cocaine, possession of marijuana, possession of drug paraphernalia, and carrying a concealed weapon. Defendant appeals.
Defendant's sole assignment of error is directed to the trial court's denial of his motion to suppress. Specifically, he contends the trial court erred in denying the motion because the officers' investigatory stop was not based on a reasonable and articulable suspicion.
It is well established that a brief investigatory stop of an individual by a law enforcement officer does not violate the Fourth Amendment where the stop is "justified by a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." State v. Watkins, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994) (internal quotation marks omitted), appeal after remand, 120 N.C. App. 804, 463 S.E.2d 802, writ of supersedeas allowed, 343 N.C. 127, 471 S.E.2d 66 (1996). Our Supreme Court has explained that an investigatory stop "must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." Id. The "court must consider the totality of the circumstancesthe whole picture in determining whether a reasonable suspicion to make an investigatory stop exists." Id. (internal quotation marks omitted). The reasonable suspicion standard "is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." State v. Barnard, 362 N.C. 244, 247, 658 S.E.2d 643, 645 (internal quotation marks omitted), cert. denied, ___ U.S. ___, ___, 172 L. Ed. 2d 198 (2008). "The only requirement is a minimal level of objective justification, something more than an unparticularized suspicion or hunch." Watkins, 337 N.C. at 442, 446 S.E.2d at 70 (internal quotation marks omitted).
Defendant argues that the officers' decision to conduct the stop was based on "inherently incredible" evidence and therefore did not justify the stop. He cites to State v. Miller, 270 N.C. 726, 154 S.E.2d 902 (1967), in which our Supreme Court found that a witness's identification of a defendant was not credible. 270 N.C. at 732, 154 S.E.2d at 906. We find Miller distinguishable. In Miller, the identification of the defendant as the perpetrator rested on the testimony of one witness. Id. at 732, 154 S.E.2d at 905. However, the witness's testimony revealed that he did not have a good opportunity to view the defendant. Id. Six hours later, the witness saw defendant in a police lineup, which was arranged in such a manner that "the identification of [the defendant] with the man [the witness had] seen earlier would naturally be suggested to the witness." Id. Based on these circumstances, our Supreme Court reversed the trial court's denial of the defendant's motion for judgment of nonsuit. Id. at 732, 154 S.E.2d at 906.
Here, the trial court was not faced with an inherently unreliable identification of the perpetrator of a crime. Nor was the trial court ruling on a motion to dismiss. Instead, the trial court was tasked with determining whether the officers in question had a reasonable and articulable suspicion that defendant was involved in criminal activity. After reviewing the record, we conclude that the officers articulated a reasonable suspicion based on a number of objective facts. First, the officers were patrolling an area known for drug activity and did not recognize defendant. After trying to get a better look at defendant, Officer Haywood smelled a strong odor of marijuana and noticed that defendant was holding what appeared to be a marijuana blunt. Based on these facts, the officers had a reasonable and articulable suspicion that defendant was engaged in criminal activity. See State v. Rivens, ___ N.C. App. ___, ___, 679 S.E.2d 145, 149 (2009) ("[T]he smell of marijuana, bolstered by defendant's nervousness, was sufficient to create a reasonable and articulable suspicion of criminal activity."); see also State v. Blackstock, 165 N.C. App. 50, 58, 598 S.E.2d 412, 417 (2004), appeal dismissed and disc. review denied, 359 N.C. 283, 610 S.E.2d 208 (2005) ("When determining whether an officer had reasonable suspicion to conduct an investigative stop, the trial court may properly consider such factors as . . . activity at an unusual hour [and] . . . an area's disposition toward criminal activity . . . ."). Therefore, the officers were justified in stopping defendant.
Defendant challenges the credibility of Officer Haywood, claiming that it would be impossible to smell marijuana from a block away and distinguish a marijuana blunt from a cigar. However, the credibility of Officer Haywood's testimony at the suppression hearing was a matter soley within the province of the trial court. State v. Harvey, 78 N.C. App. 235, 239, 336 S.E.2d 857, 860 (1985) ("The principle is well-settled that evaluating the credibility and demeanor of a witness is a matter peculiarly reserved to the trier of fact."). The trial court's order denying the defendant's motion to suppress evidence is affirmed. Having assigned no other error at his trial, we conclude defendant received a fair trial.
No Error.
Judges WYNN and STEPHENS concur.
Report per Rule 30(e).